# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:13-cv-00173-MR
# [CRIMINAL CASE NO. 3:09-cr-00082-MR-1]

| | |
|---|---|
| SURRELL MONTIA DUFF,   )<br>  )<br>  Petitioner,   )<br>  )<br>vs.   )<br>  )<br>UNITED STATES OF AMERICA,   )<br>  )<br>  Respondent.   )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motions to Amend Motion to Vacate Set Aside, or Correct Sentence [Doc. 2; 4]; and Petitioner's Motion to Appoint Counsel [Doc. 3].

## FACTUAL BACKGROUND

On April 22, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner in a four-count Bill of Indictment with one count of distributing at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One); two counts of distributing at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A) (Counts Two and Three); and one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). [Criminal Case No. 3:09-CR-00082-MR-1: Doc. 7: Bill of Indictment]. Petitioner had initially entered into a written plea agreement with the Government, but he later moved to withdraw the written plea agreement, which motion the Court granted. [Id., Doc. 15: Plea Agreement, Order, Docket Entry dated July 24, 2009]. On July 24, 2009, Petitioner pleaded guilty straight-up to all four counts as alleged in the Indictment. [Id., Doc. 16: Acceptance and Entry of Guilty Plea; Doc. 36: Sent. Hrg. Tr.]. Before the guilty plea, the Government filed a 21 U.S.C. § 851 notice of its intention to seek enhanced sentences based on Petitioner's prior felony drug conviction from January 2005. [Id., Doc. 14: Information].

In advance of Petitioner's sentencing hearing, the U.S. Probation Office prepared a presentence report ("PSR"). [Id., Doc. 20: PSR]. The PSR stated that Petitioner was responsible for at least 211 grams of crack cocaine. [Id. at 5]. In his objection to the PSR, Petitioner did not object to the amount of crack cocaine amount identified. See [Id., Doc. 23: Petitioner's Objection]. The final PSR found that, based on the drug quantities, the total offense level would have been 30. [Id., Doc. 24].

2

Because Petitioner had four prior controlled substance convictions, however, the Court designated Petitioner as a career offender under U.S.S.G. § 4B1.1, leaving a total offense level of 34. That, taken with a criminal history category of VI, subjected Petitioner to a guideline range of 262 to 327 months of imprisonment.

On February 3, 2010, the Court sentenced Petitioner to 262 months of imprisonment for the drug offenses and 120 months of imprisonment for the § 922(g)(1) offense, with all these terms to run concurrently. [Id., Doc. 26 at 2: Judgment]. Petitioner appealed, arguing that none of his prior convictions carried a possible sentence of more than one year and the convictions therefore did not qualify as predicate felonies for the purpose of enhancing Petitioner's sentence. On September 30, 2011, the Fourth Circuit reversed in part, vacated in part, and remanded for resentencing, finding that Petitioner was entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See United States v. Duff, 448 Fed. App'x 356 (4th Cir. 2011). The Fourth Circuit specifically vacated the § 922(g)(1) conviction in light of Simmons. The court also remanded for resentencing on the § 841 convictions because the career offender designation and the § 851 notice were incorrect in light of Simmons. Id. at 358.

Before Petitioner's resentencing, the federal sentence guidelines were amended to reduce the length of sentences for crack cocaine convictions. Specifically, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which became effective on August 3, 2010, increased the threshold amount of crack cocaine required for a five-year mandatory minimum sentence from 5 grams to 28 grams (21 U.S.C. § 841(b)(1)(B)(iii)), and the threshold amount of crack cocaine required for a ten-year mandatory minimum from 50 grams to 280 grams (21 U.S.C. § 841(b)(1)(A)(iii)).

On resentencing, based on the 211 grams of crack cocaine for which Petitioner was found to be responsible, and eliminating the Career Offender and §851 enhancements, Petitioner was found to have a total offense level of 27 and a criminal history category of V. Petitioner made no objection to the finding in the PSR on resentencing that he was responsible for 211 grams of crack cocaine. Based on this total offense level and criminal history category, Petitioner's revised guideline range was 120 to 150 months. [Criminal Case No. 3:09-CR-82-MR-1: Doc. 47 at 1: Statement of Reasons]. At his original sentencing, Petitioner received a sentence at the low end of the guideline range. Likewise, at this resentencing, he received a sentence at the low end of the revised guideline range: 120 months

imprisonment on each of the three drug counts, to run concurrently. [Id., Doc. 46: Amended Judgment]. Petitioner did not appeal.

Petitioner placed the instant, timely petition in the prison mail system on March 14, 2013, and it was stamp-filed in this Court on March 19, 2013. [Doc. 1 at 13]. In his two grounds for relief, Petitioner contends that the Court violated his due process rights at sentencing by finding the drug amounts for which Petitioner was responsible by only a preponderance of the evidence. On July 25, 2013, Petitioner filed a Motion to Amend/Correct, seeking to add a claim for "entrapment" with regard to the drug quantities for which Petitioner was found responsible. On August 9, 2013, Petitioner filed a motion to appoint counsel. Finally, on September 9, 2013, Petitioner filed a second Motion to Amend/Correct.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds

5

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

**I.      Petitioner's Motions to Amend**

Petitioner has filed two Motions to Amend/Correct his § 2255 Petition. In the first Motion to Amend, Petitioner seeks permission to assert an additional claim that "the court erred by allowing sentencing entrapment to be used in calculating my drug amount. I would have received a far less sentence had that not been allowed to happen." [Doc. 2 at 1]. In the second motion to amend, Petitioner states: "Due to the Sentencing Commissions proposed guideline reform 'of all drugs minus two,' I am requesting my sentence guideline to be reduced by two levels." [Doc. 4 at 1].

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, a party must seek leave to amend. Fed. R. Civ. P. 15(a)(2).

Though the Petition in this matter was timely filed, both motions to amend were filed more than one year after Petitioner's judgment became final, and thus are untimely.[1] An otherwise untimely amendment, however, may relate back to the date of the original Section 2255 motion if the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). In order for this Court to find that an otherwise untimely claim relates back, the proposed amended claim must arise from the "same core facts," and the claim may not be dependent on events that are separate both in time and in the substance of the facts upon which the original claims depended. See Mayle v. Felix, 545 U.S. 644, 655-57 (2005).

Here, Petitioner states in the first motion to amend that he would like to amend the petition to present evidence that, after he became a target of the drug investigation, the Government continued to "participat[e] in illegal activities . . . to get [Petitioner] to commit a crime," thus "causing" Petitioner to increase the quantity of drugs he sold. [Doc. 2 at 1]. The gist of Petitioner's proposed amendment is that he has another ground on which to challenge the court's findings regarding the drug quantities. Petitioner's

---

[1] Petitioner did not appeal the amended judgment entered on March 13, 2012. Thus, his conviction became final fourteen days later on March 27, 2012. Fed. R. App. P. 4(b). Thus, Petitioner's motions to amend, filed on July 25, 2013, and on September 9, 2013, are both untimely under the one-year statute of limitations set forth in Section 2255(f).

proposed amended claim does not arise from the same core of operative facts as Petitioner's original claim. That is, the core of operative facts of Petitioner's original claim — the procedure used by the Court in determining the drug quantities — are not the same core of operative facts as those supporting Petitioner's proposed amended claim — that is, the tactics used by law enforcement in apprehending Petitioner. Therefore, the first motion to amend does not relate back to Petitioner's original claim, and thus is untimely. For this reason the Court will deny the motion to amend.

Next, as to Petitioner's second motion to amend, Petitioner seeks to amend his motion to vacate to request "his sentencing guideline to be reduced by two levels" "[d]ue to the Sentencing Commission's proposed guideline reform 'of all drugs minus two.'" [Doc. 4 at 1]. Here, Petitioner is referring to the U.S. Sentencing Commission's proposal to reduce all federal drug sentencing guidelines by two base offense levels. Given that these amendments have not even been adopted or implemented, Petitioner is not entitled to a reduction of sentence based on the proposed amendments. In any event, the proper vehicle in which to seek a reduction in sentence based on amendments to the federal sentencing guidelines is through a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) once the amendments take effect, if they are made retroactive. For these

reasons the Court will deny Petitioner's second motion to amend.

## II. Petitioner's Grounds One and Two

In his two grounds for relief, Petitioner contends that the Court violated his due process rights at sentencing by finding the drug quantities for which Petitioner was responsible by only a preponderance of the evidence. Specifically, in ground one, Petitioner contends that "my constitutional right to due process was violated when the government and the Court used a preponderance of the evidence standard to make up a drug and drug amount that was not alleged in my indictment to increase my mandatory minimum." [Id. at 4]. In ground two, Petitioner contends that "under United States v. Alleyne, the Court cannot use a preponderance of the evidence scheme to enhance my mandatory minimum without making the allegations in my indictment or presenting the allegations to my jury." [Id. at 5].

At the time of Petitioner's sentencing, generally either a judge or jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. See Harris v. United States, 536 U.S. 545 (2002). In Alleyne, the Supreme Court overruled Harris, holding that a judge cannot decide whether a defendant's conduct met the requirements for a mandatory minimum sentence unless the defendant waives his

entitlement to a jury, but that a jury is unnecessary where the defendant admits facts that require imposition of a minimum sentence. Id. The Supreme Court has not, however, held that Alleyne is retroactively applicable to cases on collateral review. See Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). Therefore, Petitioner may not obtain relief under Alleyne in his § 2255 petition.

Petitioner is not entitled to relief under Alleyne in any event. Here, Petitioner pled guilty without a written plea agreement to the drug counts for which he was charged in the Bill of Indictment, which included distributing at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [Criminal Case No. 3:09-CR-82-MR-1, Doc. 7: Bill of Indictment]. Because Petitioner admitted as part of his straight up plea to distributing at least 50 grams of crack cocaine, Alleyne is simply not implicated. There was no finding by the preponderance of the evidence on which any determination was made concerning Petitioner's mandatory minimum sentence. Moreover, the PSR stated that Petitioner was responsible for 211 grams of crack cocaine. At sentencing, Petitioner did not contest that he was responsible for 211 grams of crack cocaine. However, even if Petitioner was only responsible for the 50 grams of crack cocaine set out in the indictment to which he pleaded guilty, the mandatory

statutory minimum and the mandatory statutory maximum sentence would remain the same.  That is, even assuming that the Court agreed with the Government that Petitioner was responsible for 211 grams of crack cocaine, this did not increase the applicable mandatory minimum statutory sentence or the mandatory statutory maximum sentence.

### III. Motion to Appoint Counsel

As to Petitioner's motion to appoint counsel, Petitioner seeks appointment of counsel based on his inability to afford counsel and the fact of his incarceration.  In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing.  Id.  Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).  The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires.  See 18 U.S.C. § 3006A(a)(2)(B).  Upon review of the record, the Court concludes that Petitioner has not shown circumstances demonstrating the need for the appointment of counsel in this case.  Accordingly, Petitioner's motion for appointment of counsel will be denied.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions to Amend/Correct [Docs. 2, 4], are both **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 28, 2013

Martin Reidinger
United States District Judge